## MORAN et al. v. LENNON.

S. F. No. 1534; February 2, 1900.

### 59 Pac. 941.

**Replevin.—Plaintiff Purchased Defendant's Property at Execution Sale,** which defendant refused to deliver, claiming that he furnished plaintiff the money to purchase the property for him. Plaintiff's testimony showed that she never had a conversation with defendant about purchasing the property, and that she obtained the money from her daughter, who borrowed it for the purpose, and that defendant held the property after the sale under a lease from plaintiff. Held, the evidence was sufficient to support a finding that plaintiff was the owner and entitled to the possession.

APPEAL from Superior Court, San Mateo County.

Action by Margaret Moran and another against John Lennon. From a judgment for plaintiffs and an order overruling a motion for a new trial defendant appeals. Affirmed.

I. S. Thompson for appellant; E. F. Fitzpatrick for respondents.

COOPER, C.—This action was brought to recover the possession, or, in case a delivery cannot be had, the value of certain personal property, consisting of hotel furniture, dishes, bedding, etc., described in the complaint. The case was tried before the court without a jury, and findings filed, upon which judgment was ordered and entered for plaintiffs. Defendant made a motion for a new trial, which was denied, and this appeal is from the judgment and order.

It is not claimed that the judgment is not supported by the findings, and it is therefore not necessary to consider any question as to the appeal from the judgment. The court found that the plaintiffs were the owners and entitled to the possession of the property, and the principal point urged here is that this finding is not supported by the evidence. The evidence shows without conflict that prior to September 10, 1895, the defendant was the proprietor of the Villa Hotel, at Colma, in San Mateo county, and was the owner of the property in controversy, using the same in said hotel. The sheriff of the county, by virtue of an execution in his hands against the defendant, had levied upon the said property, and advertised that on said day, at 10 o'clock A. M., in front of said hotel, he would sell the same at public sale to the highest bidder to satisfy the said execution. Accordingly, at said sale, the plaintiff Margaret Moran being the highest bidder, the property was sold to her by the said sheriff for $425.25, which amount she paid, receiving the usual certificate of sale from the sheriff. No question is made as to the execution or the regularity of the sale. Neither is it claimed that the certificate of sale did not convey the legal title to said plaintiff Margaret Moran. Plaintiff James Moran is the husband of Margaret. It is claimed by defendant that he furnished the money with which the property was so purchased, and that the property was in fact purchased in trust for him, and at his instance and request. The plain-

tiff Margaret Moran testified that she did not get the money from defendant with which to purchase the property, and that she never had a conversation with him about purchasing it; that she got the money from her daughter, and with the money bought the property in her own name and for herself. The daughter of the plaintiffs testified that she borrowed the money for her mother from the Bank of San Mateo County, and gave the bank her note and mortgage for it. This evidence supports the finding of the court. In fact, in view of the testimony in the record, and of the fact that the defendant held the property after it was so purchased by the plaintiff Margaret Moran under a written lease from her which he had never surrendered, we do not see how the court could have found any other way. There was no error in the refusal of the court to admit in evidence the agreement between defendant and his wife dated June 23, 1896. It was made long after the execution sale, and had no reference thereto. Neither did the subject matter of the said contract in any way tend to show that defendant furnished the money to plaintiff Margaret with which to purchase the property. There is no other point in the record worthy of discussion. The judgment and order should be affirmed.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.